# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT LEE ELDRIDGE, ) <br> Inmate No.21188-045 ) <br> ) <br> Movant, ) <br> ) Case No. 11-4058-CV-C-NKL <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | |

## ORDER

Pending before the Court is Robert Eldridge's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1]. The Court has previously denied all of Eldridge's claims in that motion except his claim that his counsel was ineffective for failing to appeal Eldridge's sentence when Eldridge instructed him to do so. [Doc. # 8]. The Court held an evidentiary hearing by video conference on December 1, 2011, to explore Eldridge's claim that he asked his counsel to appeal Eldridge's sentence. For the following reasons, the Court now DENIES the final remaining claim on Eldridge's motion.

Eldridge pled guilty to being a felon in possession of a firearm in 2009 and in 2010 was sentenced to ninety-six months in prison. Eldridge claims that he asked Mr. Stabenow, the attorney who handled Eldridge's sentencing, to appeal that sentence and that Stabenow failed to comply with this request.

"[T]o establish ineffective assistance of counsel, a party must show that counsel's performance was deficient, and that this deficient performance prejudiced the defense." *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992). Where a movant shows that his or her counsel failed to file a notice of appeal after being instructed to do so, courts presume ineffective assistance and do not require a showing of prejudice. *See id.* at 1357. But "[t]he presumption of prejudice...is applicable only when counsel failed to file a notice of appeal after being so instructed by the client." *Id.* n.15.

Eldridge has failed to demonstrate that he asked his counsel to appeal his sentence. At his evidentiary hearing, Eldridge asked the Court to continue the hearing and appoint counsel. The Court denied this request, reminding Eldridge that he had no right to counsel and that the Court had already appointed counsel to Eldridge, whom Eldridge terminated. After being informed that this would be his only chance to present evidence on this narrow issue of fact, Eldridge waived his right to testify, stating that he did not feel prepared to proceed without counsel. Eldridge also claimed in his reply brief that he believed recordings exist of the phone conversation where he asked Stabenow to appeal, but Eldridge has not produced these tapes or testified to any specifics of that conversation. Thus, Eldridge has produced no evidence to support the bare allegation in his motion that "counsel failed to file an appeal when movant requested that he submit an appeal." [Doc. # 1 at 4].

On the other hand Mr. Stabenow testified at the hearing that he remembered Eldridge's case and that Eldridge did not ask Stabenow to appeal Eldridge's sentence. Stabenow testified that he discussed with Eldridge possible appealable issues and shared his

2

conclusion that these issues had a very low chance of success. Stabenow also testified that he has a regular practice of filing appeals whenever his clients request that he do so, and that when he believes an appeal has no merit he discusses with clients the *Anders* brief process and then files the appeal.

In light of this evidence, the Court finds that Eldridge has not met his burden to demonstrate that his counsel refused Eldridge's request to appeal. Because Eldridge has not shown that he instructed his attorney to appeal, the presumption of prejudice does not apply, and Eldridge has not shown or even argued how he might have been prejudiced by the facts underlying this claim. The Court thus DENIES Eldridge's claim for ineffective assistance of counsel and DENIES his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1].

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 21, 2011  
Jefferson City, Missouri